

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Bexar Co,*

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. 0-2952
Re: Criminal District Attorney -
Expenses of office.

We have carefully examined your request for opinion.
We quote from your request as follows:

"It is frequently necessary, in the administra-
tion of the duties of this office, that expenditures
of money be made by members of Mr. Shook's staff.
The Bexar County Auditor has an opinion from your
office, Number 0-1674, and on the basis of that opin-
ion he will make reimbursements in only a very few
cases.

"I should like very much to have an opinion from
you concerning Article 3913(g), which provides for
allowances to the criminal district attorney, in or-
der that we may know what expenditures we may make
and expect to be reimbursed, such as mileage and room
and board.

"Quite often, it is necessary for a member of
this office to represent the State in a case tried
in another county. In one case, an assistant had to
go to Waco, Texas, on Friday in order to locate a man,
solely by an initial on a money order receipt, in
order that we might subpoena him for the trial on the
following Monday.

"I should like to know what allowances should be
made for expenses in connection with the performance
of the duties of this office, and whether or not it
is within the district attorney's discretion as to
whether such expenses should be incurred.

"Since there are no authorities on the point,
I would appreciate it if you would give me your in-
terpretation and construction of the statute."

Honorable John R. Shook, Page 2

We have been unable to find Article 3913(g) cited by you. Perhaps you are referring to subdivision (g) of Section 19 of Article 3912e, Vernon's Annotated Texas Civil Statutes, which reads as follows:

"(g) In addition to other sums provided in this section, the district attorney or criminal district attorney may be allowed by order of the Commissioners' Court of his county such amount as said court may deem necessary to pay for, or aid in, the proper administration of the duties of such office, not to exceed Two Thousand Five Hundred ($2,500.00) Dollars in any one calendar year; provided, that such amounts as may be allowed shall be allowed upon written application of such district attorney or criminal district attorney showing the necessity therefor, and provided further that said Commissioners' Court may require any other evidence that it may deem necessary to show the necessity for any such expenditures, and that its judgment in allowing or refusing to allow the same shall be final. No payment therefor shall be made except upon an itemized sworn statement of such expenses filed in the manner provided in this section for other expenses."

We also call your attention to subdivision (1) of Section 19 of Article 3912e, Vernon's Annotated Texas Civil Statutes, which reads in part as follows:

"Each district, county, and precinct officer receiving an annual salary as compensation shall be entitled, subject to the provisions of this Section, to issue warrants against the salary fund created for his office in payment of the services of deputies, assistants, clerks, stenographers, and investigators, for such amounts as said employees may be entitled to receive for services performed under their authorizations of employment. And such officer shall be entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, premiums on deputies' bonds, and other necessary expenses. If

Honorable John R. Shook, Page 3

such expenses be incurred in connection with any
particular case, such claim shall state such case.
All such claims shall be subject to the audit
of the county auditor; and if it appears that any
item of such expense was not incurred by such offi-
cer, or such item was not a necessary expense of
office, or such claim is incorrect or unlawful,
such item shall be by such auditor rejected, in
which case the correctness, legality or necessity
of such item may be adjudicated in any Court of
competent jurisdiction. Provided, the Assessor
and Collector of Taxes shall be authorized in like
manner annually to incur and pay for insurance pre-
miums in a reasonable sum for policies to carry in-
surance against loss of funds by fire, burglary,
or theft...."

The two above quoted statutory provisions are applica-
ble to counties having a population in excess of 190,000 inhabi-
tants according to the last preceding Federal Census, and are
therefore applicable to Bexar County.

The two above quoted statutory provisions were con-
strued in the case of Crosthwait vs. State, et al, by the
Dallas Court of Civil Appeals, (107 SW 2nd 477) and by the
Supreme Court (138 SW 2nd 1060). The Dallas Court of Civil
Appeals held that under Section 19(g) of Article 3912e, V.A.
T.C.S., that the action of the county commissioners' court of
Dallas County in allowing the claim of the Dallas District
Attorney for expense in aid of the administration of the
duties of his office was a "final judgment" and that it was
the duty of the county auditor to approve the claim for pay-
ment. This holding was reversed by the Supreme Court, (138
SW 2nd 1060) and the Supreme Court held that the district
attorney was not a "peace officer" within the statutes making
it the duty of peace officers to seize gambling equipment,
and that the commissioners' court had no authority to allow
as a "necessary expense" of the office of the District Attor-
ney, drayage charges for hauling marble boards seized by the
district attorney from places that were being used in violation
of law to the courthouse, and that the commissioners' court's
action in allowing the charge was void. The court discussed
the above statutes and held that the expense claim could not
be paid under either statute. The court also cited the case
of Casey vs. State, 289 SW 428, on the proposition that the
rule of construction "ejusdem generis" would limit the expen-
ditures under Section 19(1), supra, to the kind and class

Honorable John R. Shook, Page 4

mentioned in the statute. The court also held that since the expenditure was for a purpose beyond the duty of the district attorney the commissioners' court had no authority to allow same under Section 19(g) of the above statute.

You are respectfully advised that it is the opinion of this department that:

1. Under Section 19(1) of Article 3912e, supra, the criminal district attorney of Bexar County is entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, premiums on deputies' bonds, and other necessary expense. The rule of construction "ejusdem generis" would apply here. (See the case of Casey vs. State, 289 SW 428). All such claims are subject to the audit of the county auditor; if it appears that any item of such expense was not incurred by such officer, or such item was not a necessary expense of office, or such claim is incorrect or unlawful, such item should be rejected by the auditor in which case the correctness, legality or necessity of such item could be adjudicated in any court of competent jurisdiction.

2. In addition to the expenses allowed by subdivision (1) of Section 19 of Article 3912e, V.A.T.C.S., supra, the commissioners' court of Bexar County may allow the criminal district attorney of Bexar County upon his sworn written application showing the necessity therefor such amount as said court may deem necessary to pay for, or aid in, the proper administration of the duties of his office, not to exceed $2,500.00 in any one calendar year. The judgment of the court in allowing or refusing to allow such expenditure is final. However, if the court allowed an expenditure which was for something not connected with the duties of the office of the criminal district attorney such allowance would be void and a nullity under the holding of the Crosthwait case, supra.

We are not in possession of sufficient facts and

Honorable John R. Shook, Page 5

information to properly pass on the other matters raised in your letter, some of which are very broad and general.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED DEC 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

